## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MONISH BANERJEA** | ) |
| **2706 W. 78th Street** | ) |
| **Prairie Village, Kansas 66208** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.** |
| | ) |
| **GMRI, INC.,** | ) |
| **Serve Registered Agent** | ) |
| **CORPORATE CREATIONS** | ) |
| **NETWORK INC.** | ) |
| **4601 E. DOUGLAS AVENUE #700** | ) |
| **WICHITA, KS 67218** | ) |
| | ) |
| **Defendant,** | ) |

## COMPLAINT

Plaintiff Monish Banerjea states as follows for his causes of action against GMRI, Inc.

1.    Plaintiff Monish Banerjea is an Indian American male resident of Prairie Village, Johnson County, Kansas. He is 54 years old.

2.    Defendant GMRI, Inc., is a corporation organized under Florida law, operating as Olive Garden in the state of Kansas, who may be served through its registered agent at the place of business at the above address.

3.    Plaintiff was an employee of defendant from July 15, 2013 to May

1

12, 2019, as a General Manager of the Olive Garden restaurant located in Overland Park, Kansas.

4.      This case arises under 42 U.S.C. §1981 (§1981), 42 U.S.C. §2000e, et seq. (Title VII of the Civil Rights Act of 1964, as amended, or Title VII), and 29 U.S.C. §621, et. seq. (Age Discrimination in Employment Act or the ADEA) making jurisdiction appropriate in this court. Plaintiff also brings claims of whistleblower retaliation arising out of Kansas state law.

5.      Defendant subjected Plaintiff to discrimination based on his age, race, and sex, and further retaliated against plaintiff for his reports of the illegal activity of a management employee, resulting in the termination of his employment.

6.      Defendant committed the tortious actions described herein in the District of Kansas such that venue is proper in this court.

7.      Plaintiff performed his job to the best of his ability and satisfactorily met the legitimate job expectations of defendant.

## COUNT I – 1981 and TITLE VII – RACIAL HARASSMENT

8.      Plaintiff incorporates by reference the preceding paragraphs of this petition.

9.      On May 12, 2019, plaintiff was terminated by defendant because

2

of his race. Plaintiff's race was a determining factor in the decision and defendant denied plaintiff the benefits of his contractual relationship on the basis of his race.

10.     Plaintiff was accused of misconduct by a white female manager and employees. The allegations were untrue.

11.     Defendant purported to investigate the allegations but conducted a cursory, one-side investigation the resulted in sex discrimination — plaintiff was terminated allegedly due to the untrue allegations of certain white female employees.

12.     Defendant's investigation and discipline violated its own polices and practices.

13.     White female employees accused of misconduct were treated much more favorably be defendant and were not terminated for such alleged acts.

14.     Plaintiff was replaced by a younger, white employee.

15.     Defendant's stated reasons for the termination were untrue, unbelievable, and pretextual.

16.     As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of

enjoyment of life and mental anguish.

17.    Defendant acted with reckless disregard for plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, punitive damages, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## COUNT II – TITLE VII SEX DISCRIMINATION

18.    Plaintiff incorporates by reference the preceding paragraphs of this petition.

19.    Similarly situated female employees engaged in similar conduct of which plaintiff was accused, but were not terminated.

20.    Plaintiff was terminated by defendant because of his sex. Plaintiff's sex was a determining factor in the decision.

21.    Plaintiff was accused of misconduct by female managers and employees. The allegations were untrue.

22.    Defendant purported to investigate the allegations but conducted

a cursory, one-side investigation the resulted in sex discrimination.

23.    Defendant's investigation and discipline violated its own polices and practices.

24.    Female employees accused of misconduct were treated much more favorably by defendant and were not terminated for such alleged misconduct.

25.    Defendant's stated reasons for the termination were untrue, unbelievable, and pretextual.

26.    As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

27.    Defendant acted with reckless disregard for plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, punitive damages, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## COUNT III – AGE DISCRIMINATION — ADEA

28.    Plaintiff incorporates by reference the preceding paragraphs of this petition.

29.    Plaintiff was terminated for unfair, pretextual reasons and replaced by a younger employee.

30.    But for plaintiff's age he would not have been terminated.

31.    Similarly situated younger employees engaged in similar conduct of which plaintiff was accused, but were not terminated.

32.    As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary.

33.    Defendant's conduct was willful as defendant knew age discrimination was against the law when it acted.

WHEREFORE, Plaintiff prays for judgment against Defendant for lost salary, liquidated damages, attorneys fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## COUNT IV – KANSAS STATE LAW
## WHISTLEBLOWER RETALIATION

6

34.    Plaintiff incorporates by reference the preceding paragraphs of this petition.

35.    Prior to the termination of his employment, plaintiff reported the illegal conduct of a manager to upper management of defendant.

36.    Specifically, plaintiff objected to and reported a manager who attempted to force a server to pay for a customer's meal who walked out.

37.    This violated Kansas Wage Payment Act, KSA 44-313, et seq., and the laws prohibiting theft.

38.    Defendant's stated reasons for the termination were untrue, unbelievable, and pretextual.

39.     The complaints about plaintiff's performance were made in retaliation for his report of illegal activity.

40.    Plaintiff's report was a factor in the termination decision.

41.    As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

42.    Defendant acted with reckless disregard for plaintiff's rights, entitling Plaintiff to an additional amount as punitive damages in such sum

7

that will serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, punitive damages, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

**THORNBERRY BROWN, LLC**

By: /s/Stephen C. Thornberry
Stephen C. Thornberry        KS #17494
s*teve@ThornberryBrown.com*
Randall W. Brown            KS #17905
*randy@ThornberryBrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF

8